## Sunderland's Estate (No. 2).

*Will—Maintenance of house—Devise.*

Where testator devises by his will a house to two children, and directs by a codicil that it "is to be maintained for one year if not sold before as it must be sold as soon as a purchaser can be secured within two years," the amount necessary for the maintenance of the house for one year must be paid by the executors out of the general estate.

*Executors and administrators—Commissions—Mortgage.*

Where an estate consists of $114,000, composed of a mortgage and a few cash items, and it appears that there are but eleven items of credit, including costs of filing account, commissions and counsel fees, an allowance of three and one half per cent commission on principal is proper, and this rate should be allowed on the mortgage, although the mortgage has not as yet been collected.

*Decedent's estates—Counsel fee.*

Where all the beneficiaries under a will are represented by counsel, and counsel for one of the parties is employed to secure a construction of the will in favor of his client, he is not entitled to a fee out of the estate merely because he secured a reduction of credits not desired by the other parties.

*Will—Life estate—Issue.*

Testator by his will directed as follows: "It is my desire that the mill property be sold before or not later than five years after my decease, and the proceeds with any balance of my estate to be divided into seven parts, one part to each child except M.'s part; should she not have issue her part is to be divided to the other six parts; should she have issue her part goes to the issue." *Held*, that the daughter took a life estate only in one seventh of the residue.

Argued Jan. 23, 1902. Appeal, No. 350, Jan. T., 1901, by Martha S. Walker, from decree of O. C. Phila. Co., April T., 1900, No. 606, sustaining exceptions to adjudication in Estate of John Sunderland, Deceased, et al. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of PENROSE, J., quoted in Sunderland's Estate (No. 1), ante, p. 155.

The exceptions filed by Martha S. Walker were, among others, as follows :

1. The learned judge erred in allowing the accountants a credit for $1,345.68 for maintaining the testator's house for the daughters for one year after the testator's death.

2. The learned judge erred in allowing the accountants commissions upon the unconverted mortgage.

5. The learned judge erred in not allowing counsel for Martha Walker a fee out of the estate for services that he had rendered in getting the account properly stated, and other services. that resulted in a benefit to the estate.

8. The learned judge erred in not awarding one seventh of: said principal to the said Martha S. Walker absolutely.

*Errors assigned* were in dismissing the above exceptions.

*John Weaver*, for appellant.

*Robert J. Wright* and *James Gay Gordon*, for appellee.

PER CURIAM, May 26, 1902 :
The decree is affirmed on the opinion of Judge PENROSE.